UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NATHANEL THOMAS WILKERSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-269-HAB-SLC |
| NUNLEY, | |
| Defendant. | |

## OPINION AND ORDER

Nathanel Thomas Wilkerson, a prisoner without a lawyer, filed a complaint against Officer Nunley seeking monetary damages for an alleged incident of verbal harassment. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wilkerson alleges that, on July 22, 2022, at approximately 11:29 p.m., Officer Nunley was collecting tablets. Wilkerson asked him why he was collecting tablets since it was not yet 11:45 p.m. Officer Nunley responded by stating, "Maybe if you'd register as a sex offender you wouldn't be in jail to worry about it." ECF 1 at 2. Wilkerson

alleges that the comment caused him to lose sleep, suffer depression, and endure emotional pain and suffering.

Because Wilkerson is a pre-trial detainee, his claims must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39). However, "negligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Although unprofessional, Officer Nunley's one-time remark does not rise to the level of a constitutional claim. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) ("Simple or complex, most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment."); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution."), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

In addition to his complaint, Wilkerson has filed a letter request a temporary restraining order. ECF 5. The nature of his request is not entirely clear, but he appears to want the court to order that Officer Nunley not be assigned to work in his housing unit. Wilkerson's complaint does not seek injunctive relief, and the request therefore falls outside the scope of the complaint. Furthermore, the complaint does not state a claim for which relief can be granted. In the absence of a complaint that states a claim, no injunctive relief can be granted. Therefore, his request for a temporary restraining order must be denied.

If Wilkerson believes he can state a claim based on (and consistent with) the events described in this complaint, Wilkerson may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DENIES the request for a temporary restraining order contained in Nathanel Thomas Wilkerson's letter filed September 8, 2022 (ECF 5);

(2) GRANTS Nathanel Thomas Wilkerson until **October 13, 2022**, to file an amended complaint; and

3

(3) CAUTIONS Nathanel Thomas Wilkerson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 8, 2022.

s/Holly A. Brady<br>
JUDGE HOLLY A. BRADY<br>
UNITED STATES DISTRICT COURT